# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BERNICE NEWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, F/K/A BANKERS TRUST ) | |
| COMPANY OF CALIFORNIA, N.A., AS ) | |
| TRUSTEE FOR THE BENEFIT OF THE ) | |
| CERTIFICATE HOLDERS OF THE ) | |
| AAMES MORTGAGE TRUST, ) | |
| MORTGAGE PASS THROUGH ) | |
| CERTIFICATES, SERIES 2001-1 ) | |
| ) | |
| and ) | |
| ) | |
| BANK OF AMERICA, N.A. ) | |
| ) | |
| and ) | |
| ) | |
| NATIONWIDE TRUSTEE SERVICES, INC. ) | |
| ) | |
| and ) | |
| ) | |
| WILSON & ASSOCIATES, P.L.L.C. ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Bank of America, N.A. ("BANA") and Defendant Deutsche Bank National Trust Company, F/K/A Bankers Trust Company of California, N.A., as Trustee for the Benefit of the Certificate Holders of the Aames Mortgage Trust, Mortgage Pass Through Certificates, Series 2001-1 ("Deutsche") hereby remove

this action from the Chancery Court of Shelby County for the Thirtieth Judicial District at Memphis, Tennessee to the United States District Court for the Western District of Tennessee, Western Division. Removal is based on federal question jurisdiction because a federal question appears on the face of Plaintiff's Complaint. Removal is also based on diversity jurisdiction because Plaintiff and all of the Defendants who are not fraudulently joined have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. In support of this Notice, BANA and Deutsche state as follows:

I. BACKGROUND

This case was originally filed by Plaintiff Bernice Newman in the Chancery Court for Shelby County at Memphis, Tennessee on July 12, 2011. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon BANA and Deutsche are attached as Exhibit A. BANA was served with a copy of the Complaint on August 4, 2011. Deutsche was served with a copy of the Complaint on August 16, 2011.

Among other things, the Complaint seeks declaratory relief that (i) Deutsche has violated Regulation Z of the Truth-In-Lending Act ("TILA") found at 12 C.F.R. § 226.39, and (ii) that Defendant BANA has violated the Tennessee Consumer Protection Act and has breached contractual agreements with the United States Department of the Treasury regarding the administration of the Making Homes Affordable Program ("HAMP"). See Compl. ¶ 33.

In filing this Notice of Removal, BANA and Deutsche do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

## II. THIS NOTICE OF REMOVAL WAS TIMELY FILED IN THE PROPER VENUE.

This Notice of Removal is timely because it is filed within 30 days of August 4, 2011, which is the date when Defendant BANA received service of process. The 30-day period ends on Saturday, September 3, 2011; therefore, the 30-day period would expire on the following Monday, September 5, 2011 but extends to Tuesday, September 6, 2011 due to the Labor Day holiday.[1]

The United States District Court for the Western District of Tennessee, Western Division is the proper venue to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

## III. THIS COURT HAS FEDERAL QUESTION JURISDICTION.

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because it is apparent on the face of Plaintiff's Complaint that this action arises under and presents substantial questions of federal law under Regulation Z of TILA and HAMP. Plaintiff alleges that Defendant Deutsche has violated the provisions of Regulation Z of TILA found in 12 C.F.R. § 226.39. See Compl. ¶ 33. See Revere v. MERS, 2010 U.S. Dist. LEXIS 38144 *5-7 (E.D. Mich. 2010) (holding federal question jurisdiction existed when plaintiff alleged that Defendant violated TILA). Plaintiff also alleges that Defendant BANA has breached contractual agreements under HAMP. See Compl. ¶ 39. Thus, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in

---

[1] See Federal Rules of Civil Procedure 6(a) "When the time period is stated in days or a longer unit of time: (1) exclude day of the event that triggers the period; (2) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (3) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

3

pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2010).

Further, to the extent the Complaint alleges statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under the federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Thus, because some of Plaintiff's claims arise under the laws of the United States, removal of this entire cause of action is therefore appropriate under 28 U.S.C. § 1441(a)-(c).

### IV. THIS COURT HAS DIVERSITY JURISDICTION.

This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and all non-fraudulently-joined Defendants have diversity of citizenship and the amount in controversy exceeds $75,000.00.

### A. Diversity of Citizenship Exists Between Plaintiff and All Non-Fraudulently-Joined Defendants.

There is diversity of citizenship between Plaintiff, who is a Tennessee resident, and all non-fraudulently-joined Defendants, who are residents of different states. See 28 U.S.C. § 1332(a).

Plaintiff is a resident and citizen of Tennessee. See Compl. ¶ 1. Defendant BANA is a national bank association which is a citizen of North Carolina for purposes of diversity

citizenship as its principal place of business is located in Charlotte, North Carolina.[2]  Defendant Deutsche is a national bank association with principal offices in Los Angeles, California.[3]  See Compl. ¶ 6.

28 U.S.C. § 1348 provides that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  For purposes of § 1348, a national bank is located "in the State designated in its articles of association as its main office."  See Wachovia Bank v. Schmidt, 546 U.S. 303, 319 (2006);  See also Hinton v. Wachovia Bank of Del. Nat'l Ass'n, 189 Fed. Appx. 394, 2006 U.S. App. LEXIS 16229, 2006 FED App. 438N (6th Cir. Tenn. 2006).

Defendant Wilson & Associates PLLC (herein "Wilson & Associates") is an Arkansas Professional Limited Liability Company with principal offices in Little Rock, Arkansas.  See Compl. ¶ 8.  Defendant Wilson & Associates have been contacted through counsel and consents to this removal.

Because Plaintiff is a citizen of Tennessee, Defendant BANA is a citizen of North Carolina, Defendant Deutsche is a citizen of California, and Defendant Wilson & Associates is a citizen of Arkansas, complete diversity of citizenship exists between Plaintiff and all non-fraudulently-joined Defendants.

---

[2]   28 U.S.C. § 1348 provides that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  For purposes of § 1348, a national bank is located "in the State designated in its articles of association as its main office."  See Wachovia Bank v. Schmidt, 546 U.S. 303, 319 (2006); See also Hinton v. Wachovia Bank of Del. Nat'l Ass'n, 189 Fed. Appx. 394, 2006 U.S. App. LEXIS 16229, 2006 FED App. 438N (6th Cir. Tenn. 2006).  "Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association." Hill v. Bank of America Corp., No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006).

[3]   See footnote 2 supra.

5

### B. Defendant NTS was Fraudulently Joined and, Therefore, Does Not Destroy Diversity.

Defendant NTS is a Tennessee corporation with its principal offices in Atlanta, Georgia. See Compl. ¶ 7. Although NTS is named as a defendant, Plaintiff does not allege any wrongdoing by Defendant NTS and there are no claims for relief against Defendant NTS. Thus, the presence of Defendant NTS does not destroy diversity because Plaintiff has fraudulently joined it to this lawsuit merely to avoid federal jurisdiction.

The Sixth Circuit has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. See Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994). To establish fraudulent joinder, a removing party must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts," or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Mertz v. Alterra Healthcare Corp., 2010 U.S. Dist. LEXIS 22739, at *4-5 (E.D. Tenn. Mar. 11, 2010).

In the situation at bar, "there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court" because there are absolutely no causes of action or no claims for relief against Defendant NTS. In fact, there is no mention of Defendant NTS in any portion of the Complaint after its state of incorporation and principal place of business is recited in paragraph seven. See Compl. ¶ 7.

Because there is "no possibility" that Plaintiff would be able to establish a cause of action for declaratory relief against the Defendant NTS in Tennessee state court, Plaintiff's fraudulent joinder of non-diverse Defendant NTS does not defeat removal on diversity grounds. See Mertz, 2010 U.S. Dist. LEXIS at *4-5; Alexander, 13 F.3d at 949.

C.     **The Amount in Controversy Exceeds $75,000.00.**

The Plaintiffs do not pray for a sum certain in their Complaint, but it is clear that the amount in controversy exceeds $75,000.00. Although a removing defendant has the burden of proving the existence of federal jurisdiction, "where a Plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir.1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F3d 1069 (11th Cir. 2000). Thus, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000.00][4] jurisdictional requirement." Tapscott, 77 F.3d at 1357.

Although BANA and Deutsche deny that Plaintiff is entitled to recover any amount, and specifically deny that Plaintiff is entitled to the relief in the various forms sought, the Complaint's allegations place in controversy more than $75,000.00, exclusive of interests and costs. Plaintiff's claims revolve around the ownership of the Plaintiff's home for which Plaintiff secured a loan with BANA and Deutsche which was very close to the $75,000.00 threshold. See Complaint, ¶ 9, 10, 31. In addition, Plainiff seeks unspecified actual damages for alleged breach of contract and purported willful violations of the Tennessee Consumer Protection Act. Moreover, any doubt that the combination of these damages would not meet the threshold is erased based on the fact that Plaintiff seeks to treble its damages from Defendant BANA. The Court of Appeals for the Sixth Circuit has previously found that the amount in controversy

---

[4]    Tapscott was based on the former $50,000 jurisdiction amount under U.S.C. § 1332 as it existed prior to the effective date of the October 19, 1996, amendment raising the jurisdiction amount to $75,000.00, so the actual quote from Tapscott says "$50,000.00."

7

threshold delineated in § 1332 is satisfied where consumer protection statutes that include treble damages would increase damages that would otherwise fall under the threshold.  See Rosen v. Chrysler Corp., 205 F.3d 918, 922 (6th Cir. 2000); accord Jones Mgmt. Serv., LLC v. KES, Inc., 296 F. Supp. 2d 892, 893-94 (E.D. Tenn. 2003).  See also Collins v. Mt. Laurel Assur. Co., 2011 U.S. Dist. LEXIS 33260 *4-7 (E.D. Tenn. 2011).

In sum, Plaintiff's claim for compensatory damages and treble damages demonstrate by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00, the jurisdictional requirement of this Court, and, thus, diversity jurisdiction is present.  28 U.S.C. § 1332(a).

### V.     CONCLUSION

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under and presents substantial questions of federal law and has supplemental jurisdiction over any state law claims because those claims arise out of the same operative facts and "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  In addition, the Court has diversity jurisdiction under 28 U.S.C. § 1332 because (i) diversity of citizenship between all parties that are not fraudulently joined and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue.

Accordingly, as the state court lawsuit is pending in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, BANA and Deutsche are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Western District of Tennessee, Western Division.

Respectfully submitted, this the 6th day of September, 2011.

                                         s/Paul Allen England
                                         Donna L. Roberts (BPR No. 022249)
                                         Paul Allen England (BPR No. 026288)
                                         STITES & HARBISON, PLLC
                                         SunTrust Plaza
                                         401 Commerce Street, Suite 800
                                         Nashville, Tennessee 37219
                                         (615) 782-2200 (phone)
                                         (615) 742-0714 (fax)

                                         *Counsel for Defendants Bank of America, N.A.*
                                         *and Deutsche Bank*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 6th day of September, 2011, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all parties as indicated below. Parties may also access this filing through the Court's ECF system.

    *Via United States Mail, postage prepaid*:
Webb A. Brewer
Steven E. Barlow
Brewer & Barlow, P.L.C.
20 S. Dudley Street, Suite 806
Memphis, TN 38103
(901) 866-1653
*Attorneys for Plaintiff*

                                         s/Paul Allen England
                                         Paul Allen England

908530:1:NASHVILLE