RECEIVED BY LEGAL DEPARTMENT

AUG 1 5 2011

DEUTSCHE BANK AG NY BRANCH

## IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| BERNICE NEWMAN | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| VS. | ) | Docket No. CH-11- 1150 - 3 |
| | ) | |
| DEUTSCHE BANK NATIONAL | ) | |
| TRUST COMPANY, F/K/A BANKERS | ) | |
| TRUST COMPANY OF | ) | |
| CALIFORNIA, N.A., AS TRUSTEE | ) | |
| FOR THE BENEFIT OF THE | ) | |
| CERTIFICATE HOLDERS OF THE | ) | |
| AAMES MORTGAGE TRUST, | ) | |
| MORTGAGE PASS THROUGH | ) | |
| CERTIFICATES, SERIES 2001-1 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| NATIONWIDE TRUSTEE | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| WILSON & ASSOCIATES, P.L.L.C. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

SHELBY COUNTY
CHANCERY COURT

JUL 1 2 2011

DEWUN R. SETTLE, C & M
TIME:_____ BY:_____

---

### PETITION TO ENJOIN DEFENDANTS' TAKING POSSESSION, T0 SET ASIDE FORECLOSURE SALE AND REINSTATE LOAN, AND COMPLAINT FOR DAMAGES

---

TO THE CHANCELLORS OF THE CHANCERY COURT FOR THE THIRTIETH

JUDICIAL DISTRICT:

COMES NOW the Plaintiff, Bernice Newman, by and through legal counsel, Brewer &

1



EXHIBIT

A

Barlow PLC, Webb Brewer and Steve Barlow, and files her Petition and Complaint and states as follows:

## I.      Preliminary Statement

1.  Plaintiff, Bernice C. Newman, brings this Petition to Enjoin Defendants' Taking Possession, To Set Aside Foreclosure Sale, and Complaint for Damages pursuant to the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101 *et seq.*, the Federal Truth in Lending Act, 15 U.S.C. 1601, and established principles of contract law.

## II.      Jurisdiction and Venue

2.  Jurisdiction is conferred on this Court by Tenn. Code Ann. § 16-11-101.

3.  Venue is proper in this Court pursuant to Tenn. Code Ann. §20-4-101as the claim arose in this District.

## III.      Parties

4.  Plaintiff Bernice Newman ("Ms. Newman") is a citizen and resident of Memphis, Shelby County, Tennessee.

5.  Defendant Bank of America, N.A. ("B of A") is a national bank association with principal offices at 100 North Tryon Street, Charlotte, North Carolina, whose registered agent for service of process in the State of Tennessee is C T Corporation System, 800 S Gay St. Ste. 2021, Knoxville, TN 37929.

6.  Defendant Deutsche Bank National Trust Company, F/K/A Bankers Trust Company of California, N.A., as Trustee for the Benefit of the Certificate Holders of the Aames Mortgage Trust, Mortgage Pass Through Certificates, Series 2001-1 ("Deutsche") is a national bank association with principal offices at 300 Grand Avenue, 41st Floor,

Los Angeles, CA 90071 whose registered agent for service of process in the State of

Tennessee is Dennis Gillespie, 320 Seven Spring Way, Floor 1, Brentwood, TN

37027.

7. Defendant Nationwide Trustee Services, Inc. ("Nationwide") is a Tennessee

corporation with principal offices at 1587 Northeast Expressway, Atlanta, GA 30329

whose registered agent in the State of Tennessee is National Registered Agents, Inc.,

2300 Hillsboro Rd Ste. 305, Nashville, TN 37212.

8. Defendant Wilson & Associates PLLC ("Wilson") is an Arkansas Professional

Limited Liability Company with principal offices at 1521 Merrill Drive, Suite D-220,

Little Rock, AR 72211 whose registered agent for service of process in the State of

Tennessee is C T Corporation System, 800 S Gay St. Ste. 2021, Knoxville, TN

37929.

## IV.    Factual Allegations

9. On December 9, 1971, Ms. Newman purchased the property at 4448 Whiteside Street,

Memphis, Shelby County, Tennessee (the "Property") for $18,500.00.

10. On January 17, 2001, Ms. Newman refinanced the Property for a loan of $61,200.00

from Aames Funding Corporation (the "Loan").

11. At some point, Countrywide Home Loans, which subsequently merged into B of A,

commenced the servicing of the Loan.

12. At no time did Ms. Newman receive notification of the change in ownership of the

Loan from Aames Funding Corporation.

13. Beginning in October of 2006, Ms. Newman began to experience financial hardship

and immediately sent a letter to Countrywide Home Loans, explaining that she

3

needed to make arrangements to modify her Loan payments.  No arrangements were offered to her at that time.

14. Ms. Newman repeatedly requested financial assistance from Countrywide Home Loans and later B of A from 2006 to the present.

15. The federal Home Affordable Modification Program ("HAMP") was created as a part of the federal Financial Stability Act of 2009.  B of A has been an ongoing participant in the program, which is designed to help families to save their homes when faced with financial hardships.

16. On January 27, 2009, Ms. Newman received written notice from Countrywide Home Loans denying her modification request because it "[did] not meet defined criteria per the investor on the loan."

17. On February 2, 2009, Ms. Newman received written notice from Countrywide Home Loans denying her modification request because "Countrywide is not delegated by the investor to perform modifications on the loan."

18. On or about February 27, 2009, Ms. Newman received written notice from Countrywide Home Loans that her home loan had been referred to Countrywide's Foreclosure Management Committee for review because her home loan was delinquent.

19. Beginning in March 2009, Ms. Newman attempted again to obtain a loan modification from Countrywide Home Loans, using the services of a HUD certified housing counseling agency.

20. On March 30, 2009, Ms. Newman filed for Chapter 13 bankruptcy due to Countrywide Home Loan's denial of her repeated loan modification requests and her

4

desire to save her home from foreclosure.

21. Beginning in January 2010, Ms. Newman attempted to obtain a HAMP loan modification from B of A, as successor in interest to Countrywide Home Loans, using the services of a HUD certified housing counseling agency.

22. On May 4, 2010, Ms. Newman received written notice from B of A denying her modification request, citing "Investor Guidelines".

23. Ms. Newman again attempted to obtain a HAMP loan modification from B of A using the services of a HUD certified housing counseling agency.

24. On December 27, 2010, Ms. Newman received written notice from B of A denying her modification request, citing "Investor Guidelines".

25. Ms. Newman was eligible for the federal HAMP program at all times that she requested a loan modification because she met all of the express requirements, as follows:

    a.   The property securing the Loan has been Ms. Newman's primary residence without interruption since 1971.

    b.   Ms. Newman's loan was delinquent as of February 2009.

    c.   Ms. Newman's loan was the first lien originated on or before January 1, 2009.

    d.   The unpaid principal balance of the loan was far below the threshold criteria of $729,750 for a one-unit property.

    e.   Ms. Newman's total monthly mortgage payment-including principal, interest, taxes, and insurance exceeded 31% of her gross monthly income.

    f.   Ms. Newman's loan had not previously been modified under HAMP or the subject of a fully executed HAMP Trial Period Plan.

g.   Ms. Newman was experiencing financial hardship and lacked sufficient liquid assets to make contractual mortgage payments.

26. On March 29, 2011, Ms. Newman received notice that a foreclosure sale was scheduled for April 21, 2011.

27. The Deed of Trust given by Ms. Newman in connection with the Loan (the "Deed of Trust") provides, on page 6 Paragraph 21, that if Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement and Trustee shall mail a copy of the notice of sale to Borrower. The Deed of Trust further provides as follows: "Trustee shall sell the Property at public auction to the highest bidder **at the time and under the terms designated in the notice of sale**" (emphasis added).

28. On April 21, 2011, Ms. Newman received a single page letter purporting to give her notice that the foreclosure sale was rescheduled for May 19, 2011.

29. There was never any public advertisement of a foreclosure sale of the Property on May 19, 2011.

30. The Deed of Trust does not expressly provide for the announcement of a continuance of a foreclosure sale once public advertisement is made.

31. Deutsche, asserting that it is the successor in interest to the Loan and that the Loan was in default, purchased the Property at a foreclosure sale held on May 19, 2011.

### V.   Claims for Relief

#### COUNT I: Violation of Regulation Z of the Truth-In-Lending Act

32. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

33. By failing to notify Ms. Newman of the change in ownership of her mortgage,

Defendant Deutsche has violated the provisions of Regulation Z of the federal Truth-In-Lending Act found at 12 C.F.R. § 226.39.

### COUNT II: Tennessee Consumer Protection Act Violation

34. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

35. Bank of America's failure to provide a Trial Period Plan to Ms. Newman, an eligible borrower for HAMP, constitutes an unfair and deceptive act or practice within the meaning of the Tennessee Consumer Protection Act.

36. Bank of America's acts, policies, and practices in handling loan modification requests, for which they have been compensated by the federal government, constitute unfair or deceptive acts or practices affecting the conduct of trade or commerce and violate the Tennessee Consumer Protection Act.

37. Bank of America's acts, policies, and practices in soliciting borrowers to apply for loan modification and other relief pursuant to HAMP and then failing to give fair consideration to such requests constitute unfair or deceptive acts or practices affecting the conduct of trade or commerce and violate the Tennessee Consumer Protection Act.

### COUNT IV: Breach of Contract

38. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

39. By committing the acts complained of, Bank of America has breached contractual agreements with the United States Department of Treasury regarding the dministration of the Making Home Affordable Program, which contracts were clearly

for the benefit of consumers like Ms. Newman.

40.  By committing the acts complained of, Bank of America has breached its implied duty to act in good faith in the execution of its obligations under the contract.

41.  By committing the acts complained of, Deutsche has violated the terms of the Deed of Trust and improperly foreclosed on the Property.

WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFFS PRAY:

1.  That proper service issue and be served upon the defendants requiring them to answer this Complaint and Petition.

2.  That the Court issue a Temporary Injunction prohibiting Bank of America and Deutsch, their employees, agents, successors and/or assigns from evicting Ms. Newman from the Property until a trial on the merits of the claims raised in this action.

3.  That the Court issue an order setting aside the foreclosure sale of the Property and reinstating the Loan in a modified form favorable to Ms. Newman.

4.  That the Court enter judgment, including treble damages, against the Defendant, Bank of America and in favor of Ms. Newman for willful violations of the Tennessee Consumer Protection Act.

5.  That the Court enter judgment against Defendant Deutsche in favor of Ms. Newman for damages resulting from its failure to provide the notification required by Regulation Z.

6.  That the Court enter judgment against Defendants Bank of America and Deutsche and in favor of Ms. Newman for breach of contract.

7.  That Ms. Newman be awarded all costs and expenses, including attorney fees,

incurred as a result of this action, pursuant to Tenn. Code Ann. §47-18-101 *et seq*.

8.  For such other and further relief as to which Ms. Newman may be entitled.

Respectfully Submitted,

**Brewer & Barlow PLC**

By: _____
Webb A. Brewer (B.P.R. No. 9030)
Steven E. Barlow (B.P.R. No. 023498)
Attorneys for Plaintiff
20 S. Dudley, Suite 806
Memphis, TN 38103
(901) 866-1653

## **AFFIDAVIT**

STATE OF TENNESSEE
COUNTY OF SHELBY

      I, Bernice Newman, having been duly sworn, state as follows:

      I have reviewed the allegations of the Complaint and they are true and correct to the best

of my knowledge, information and belief.

      FURTHER, AFFIANT SAYETH NOT.

                                      Bernice Newman

           Sworn and subscribed to before me this 11th day of July, 2011.

                               NOTARY PUBLIC

My Commission Expires: 10/7/14

## **FIAT**

**TO THE CLERK OF THIS COURT:**

      Upon bond being given in the amount of $250.00, issue the aforementioned

Temporary Restraining Order and issue notice setting this matter for hearing on

July 27, 2011, at 9:00 A.M. for the Defendants to show cause why Plaintiff is

not entitled to have the relief prayed for above.

      A Temporary Restraining Order prohibiting any and all of the Defendants, their

employees, agents, successors and/or assigns from proceeding with any legal action

including but not limited to eviction action related to the property located at 4448 Whiteside,

Memphis, Shelby County, Tennessee, remains in effect until the hearing date.

**KENNY W. ARMSTRONG**

_____   **BY INTERCHANGE**
Chancellor

Date: _____JUL 12 2011_____

**A TRUE COPY-ATTEST**
Dewun R. Settle, Clerk & Master

By_____
                     D.C. & M.

## <u>RE-ISSUE FIAT</u>

**TO THE CLERK OF THIS COURT:**

Upon bond being given in the amount of _~~250~~_ ⁰⁰, issue the aforementioned

Temporary Restraining Order and issue notice setting this matter for hearing on

_August 18_ 2011, at _10:00 A_ for the Defendants to show cause why Plaintiff is

not entitled to have the relief prayed for above.

A Temporary Restraining Order prohibiting any and all of the Defendants, their

employees, agents, successors and/or assigns from proceeding with any legal action

including but not limited to eviction action related to the property located at 4448 Whiteside,

Memphis, Shelby County, Tennessee, remains in effect until the hearing date.

_____

Chancellor

Date: _July 27, 2011_

A TRUE COPY-ATTEST
Dewun R. Settle, Clerk & Master
By _____
D.C. & M.

# CHANCERY COURT CLERK'S OFFICE
## MEMPHIS, TENNESSEE

Bernice Newman
_____
Plaintiff(s)

VS

Deutsche Bank National Trust Co.
_____
Defendant(s)

TO

Deutsche Bank National Trust Company, 300 Grand Avenue, 41st floor, Los Angeles, CA 90071

You are hereby notified that application for _____ Temporary Injunction _____
will be heard before the Chancery Court, Part _2_ , on _Thursday_ ,
the _18th_ , day of _August_ 20 _11_ at _10_ o'clock _A_ .M. as prayed for in
the Complaint filed in this cause, a copy of which accompanies this writ and upon which Fiat has been granted.
HEREIN FAIL NOT.

Witness Dewun R. Settle, Clerk and Master of said Court, at office, the _27_ day of
_July_ , 20 _11_ .

DEWUN R. SETTLE, C. & M.

by _____
Deputy C. & M.

### RESTRAINING ORDER

In the meantime,

SEE FIAT

until further Orders of this Court to the contrary

ARNOLD B. GOLDIN
_____
Chancellor
Chancery Court, Shelby County, Tennessee

_July 27, 2011_ .M.
_____
Date

DBNY
AUG 1 5 2011

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| BERNICE NEWMAN, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action Docket No. <u>CH-11-1150-2</u> |
| | ) |
| DEUTSCHE BANK NATIONAL TRUST | ) |
| COMPANY, F/K/A BANKERS TRUST | ) |
| COMPANY OF CALIFORNIA, N.A., AS | ) |
| TRUSTEE FOR THE BENEFIT OF THE | ) |
| CERTIFICATE HOLDERS OF THE | ) |
| AAMES MORTGAGE TRUST, | ) |
| MORTGAGE PASS THROUGH | ) |
| CERTIFICATES, SERIES 2001-1 | ) |
| | ) |
| and | ) |
| | ) |
| BANK OF AMERICA, N.A. | ) |
| | ) |
| and | ) |
| | ) |
| NATIONWIDE TRUSTEE SERVICES, | ) |
| INC. | ) |
| | ) |
| and | ) |
| | ) |
| WILSON & ASSOCIATES, P.L.L.C. | ) |
| | ) |
| *Defendants.* | ) |

## <u>NOTICE OF REMOVAL TO FEDERAL COURT</u>

PLEASE TAKE NOTICE that on September 6, 2011, Defendant Bank of America, N.A.

and Defendant Deutsche Bank National Trust Company, F/K/A Bankers Trust Company of

California, N.A., as Trustee for the Benefit of the Certificate Holders of the Aames Mortgage

Trust, Mortgage Pass Through Certificates, Series 2001-1 filed a Notice of Removal of this

action, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 in the United States District Court for the Western District of Tennessee, Western Division.  Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded."  A copy of the Notice of Removal, without exhibits, is attached hereto as Exhibit A.

Respectfully submitted, this the 6th day of September, 2011.

Donna L. Roberts (BPR No. 022249)
Paul Allen England (BPR No. 026288)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, Tennessee  37219
(615) 782-2200 (phone)
(615) 742-0705 (fax)

*Counsel for Defendants Bank of America, N.A. and Deutsche Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of September, 2011, a copy of the foregoing Notice of Removal to Federal Court was served by first-class U.S. Mail addressed to the following:

Webb A. Brewer, Esq.
Steven E. Barlow, Esq.
Brewer & Barlow, P.L.C.
20 S. Dudley Street, Suite 806
Memphis, TN  38103
*Attorneys for Plaintiff*

Paul Allen England

CO525:CO140:908521:1:NASHVILLE

2